UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN J. PETTIGREW,

        Petitioner,

v.                                                Case No. 10-C-210

ROBERT HUMPHREYS and ALFONSO GRAHAM,

        Respondents.

**ORDER**

On March 12, 2010, Nathan J. Pettigrew, currently incarcerated at Racine Correctional Institution, filed a petition for a writ of habeas corpus. Because Pettigrew failed to comply with Civil L.R. 9, which requires that petitioners seeking habeas relief file their petition using forms available from the Court, the Court dismissed the petition on March 16, 2010 and gave Pettigrew leave to amend within thirty days. Pettigrew has filed objections to the Court's order, in which he appears to take issue with the Court's characterization of his petition–which Pettigrew styled as one under 28 U.S.C. § 2241–as a petition under 28 U.S.C. § 2254. Pettigrew also appears to believe that the fact the Court ordered him to use the prescribed form would deprive him of his ability to submit exhibits in support of his petition.

Nothing prevents Pettigrew from attaching exhibits to his petition, but as I noted in my previous order, Civil L.R. 9 requires that Pettigrew use the Court's form. Whether or not Pettigrew

is correct in his contention that his petition is one under § 2241, he must use the Court's form.[1] *See* Civil L.R. 9(a)(1) ("All persons applying or petitioning for release from custody under 28 U.S.C. § 2241 or 28 U.S.C. § 2254 . . . must file their application, petition, or motion with the Clerk of Court using forms available from the Court.") The Court has not made any substantive determination of whether Pettigrew is entitled to habeas relief. Because Pettigrew appears to have misunderstood the Court's prior order, he will be given additional time in which to submit a petition using the proper form.

Accordingly, Pettigrew may file an amended petition in this action by April 30, 2010; if he does so, his petition must comply with the local rules. Pettigrew's objections are overruled and the motion is **DENIED**.

**SO ORDERED** this   2nd   day of April, 2010.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge

---

[1] Pettigrew appears to contest the fact he was denied parole for failing to participate in treatment. State prisoners claiming a right to release on parole must use § 2254. *See Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004).