UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN J. PETTIGREW,

        Petitioner,

    v.                                   Case No. 10-C-210

ROBERT HUMPHREYS and
ALFONSO GRAHAM,

        Respondents.

**ORDER**

On March 12, 2010, Nathan J. Pettigrew, currently incarcerated at Racine Correctional
Institution, filed this petition pursuant to 28 U.S.C. § 2254,[1] asserting that his custody violates the
Constitution. Because he did not use the Court's form as required by Civil L.R. 9, the Court
dismissed the petition but granted him leave to file an amended petition. Pettigrew filed his
amended petition on April 12, 2010. Petitioner was convicted in Milwaukee County Circuit Court
of first-degree sexual assault and was sentenced to 16 years imprisonment.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing
§ 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the
> petitioner is not entitled to relief in the district court, the judge must dismiss the

---

[1]Although the original petition was styled as one under 28 U.S.C. § 2241, Pettigrew's
petition is actually one under 28 U.S.C. § 2254. While Pettigrew claims that he is "being
unlawfully detained at the Racine Correctional Institution for reasons which are unrelated to my
conviction and sentence," it appears that his custody is a result of a Wisconsin court's judgment.

> petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Pettigrew maintains that his due process rights have been violated because he was not released on his presumptive mandatory release date. The Wisconsin Parole Commission determined that as a result of his August 23, 1995 conviction for first-degree sexual assault, Pettigrew was subject to the presumptive mandatory release provision of Wis. Stat. § 302.11(1g)(a)2. Pettigrew claims that even though his sentence did not require that he participate in a treatment program as a condition of his release on parole, he has been held beyond his presumptive mandatory release date of January 2006 because he had not completed sex offender treatment. He seems to argue that his need for treatment is not sufficient reason to deny him parole, given the state's conclusion in 2005 that insufficient evidence existed to pursue civil commitment under Wis. Stat. ch. 980 as a sexually violent person. The documents attached to Pettigrew's original petition indicate that the Parole Commission considered parole inappropriate given the need to protect the public. Protection of the public and an inmate's refusal of treatment are both reasons to delay an inmate's presumptive parole date. *See* Wis. Stat. 302.11(1g).

Pettigrew was not entitled to any due process protections when he was denied parole, because under Wisconsin law he does not have an entitlement to release on his presumptive mandatory release date. Pettigrew previously brought an action under 42 U.S.C. § 1983 in which he alleged that Wisconsin officials violated his due process rights by labeling him as a sex deviate and denying him parole for not participating in sex-offender treatment. *Pettigrew v. Raemisch*, No.

2

07-cv-690, 2008 WL 4265327 (W.D. Wis. Jan. 28, 2008). The Seventh Circuit stated the following

in affirming Judge Crabb's dismissal of the complaint:

> To make out a due process claim, Pettigrew must show that he has a liberty interest
> at stake, and the Supreme Court has held that there is no general constitutional right
> to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99
> S.Ct. 2100, 60 L.Ed.2d 668 (1979). A state may, but need not, create a liberty
> interest by establishing an entitlement to parole based on certain criteria. *Id*.;
> *Thompson v. Veach*, 501 F.3d 832, 836 (7th Cir. 2007). But as this court has noted,
> *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006), Wisconsin has adopted a
> completely discretionary parole regime. *See, e.g.*, Wis. Stat. § 304.06(1)(b) ("the
> parole commission may parole an inmate" who has completed 25% of his sentence).
> A Wisconsin inmate is not guaranteed parole by meeting set criteria; he must rely
> on the discretion of the parole board. *Grennier*, 453 F.3d at 444. Thus regardless
> of whether Pettigrew is characterized as a "sex offender" or "sex deviate," he has no
> liberty interest in being considered for parole and cannot make out a due process
> claim.

*Pettigrew v. Raemisch*, 295 Fed. Appx. 830, 832 (7th Cir. 2008). Because Pettigrew cannot obtain

relief from this Court on the grounds presented in his amended petition, this matter will be

dismissed.

Under Rule 11(a) of the Rules Governing § 2254 Cases, the Court "must issue or deny a

certificate of appealability when it issues a final order adverse to the applicant." The certificate of

appealability may issue only if the applicant makes a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is

whether reasonable jurists could debate whether the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983). If the court issues a certificate of appealability

it must indicate on which specific issue or issues the petitioner has satisfied the "substantial

showing" requirement. 28 U.S.C. § 2253(c)(3).

I conclude that reasonable jurists could not debate whether or not Pettigrew has any liberty interest in parole at his presumptive mandatory release date under Wisconsin's discretionary parole system. Accordingly, I will deny him a certificate of appealability.

**THEREFORE, IT IS ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated this ____30th____ day of April, 2010.

   s/ William C. Griesbach
William C. Griesbach
United States District Judge